```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| DAVID IVEY, | ) | |
| | ) | |
| Petitioner, | ) | 4:07CV3242 |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM R. GIBSON, CEO-NE | ) | ORDER |
| Regional Center, TYLYNNE | ) | |
| BAUER, DR. TIMOTHY TSE, FRED | ) | |
| STRIDER, EDWARD FOGARTY, | ) | |
| RENNE EDMUNDS, MICHAEL D. | ) | |
| MCCLELLAN, JOHN HUNZIKER, | ) | |
| RUDY TESAR, PAT EHRHART, and | ) | |
| JON C. BRUNING, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter is before the court on the court's own motion. On February 25, 2008 I issued an order granting the petitioner's motion for leave to file an "amended petition for writ of habeas corpus." Filing 14. On February 26, 2008 petitioner filed an "Amended Complaint" naming eleven "respondents." Filing 15. The Amended Complaint purports to bring claims against the "respondents" pursuant to 42 U.S.C. 1983 as well as 28 U.S.C. 2254. He seeks both release from custody and damages.

This case cannot proceed as both a habeas corpus case and an action for damages under 42 U.S.C. 1983. The remedy of release from custody is not cognizable in an action brought pursuant to 42 U.S.C. 1983. Preiser v. Rodriquez, 411 U.S. 475, 500 (1973). Similarly, a claim by a prisoner for damages under 42 U.S.C. 1983 is not cognizable under 28 U.S.C. 2254, and any claim for damages that may imply the invalidity of his continued detention must first be exhausted under state law before it can be brought under 42 U.S.C. 1983. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The Amended Complaint thus misjoins two distinct claims, each of

which excludes the remedy sought by the other.  While it may be that the petitioner has claims pursuant to 42 U.S.C. 1983, such claims must be separately brought in a different case.  This case was brought as a habeas action pursuant to 28 U.S.C. 2254, and that it should stay.

The appropriate "respondent" in an action brought pursuant to 28 U.S.C. 2254 is the prisoner's present custodian.  <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973).  In this case that would seem to be Respondent William R. Gibson.  In some cases, such as when the prisoner has an additional sentence to serve at the conclusion of the sentence for the conviction he is challenging, the attorney general for the state which imposed that future sentence may also be a proper respondent.  The Amended Complaint here names persons as "respondents" who are not alleged to be the petitioner's present custodians, and makes no claim of any future sentence to be served; rather, it challenges his continued confinement pursuant to a civil mental health board commitment.

Petitioner must file a second amended petition, striking the Section 1983 claims for damages and declaratory relief, and naming the proper respondent.  If petitioner wishes to file an action pursuant to 42 U.S.C. 1983, he may do so in a separate action.

IT THEREFORE HEREBY IS ORDERED,

1.  On the court's own motion, the "Amended Complaint," filing 15, is stricken.

2.  Petitioner is granted until June 2, 2008 to file his Second Amended Petition in accordance with this memorandum and order.

2

DATED this 2nd day of May, 2008.

                              BY THE COURT:

                              s/ *David L. Piester*
                              David L. Piester
                              United States Magistrate Judge