IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID IVEY, | ) | |
| | ) | |
| Petitioner, | ) | 4:07CV3242 |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM R. GIBSON, CEO-NE Regional Center, TYLYNNE BAUER, and JON C. BRUNING, | ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondents. | ) | |
| | ) | |

Pending before the court is the second amended petition for writ of habeas corpus filed by the petitioner's appointed counsel. Filing 36. The petitioner alleges that although he completed his prison term on November 16, 2006, he remains confined at the Norfolk Regional Center in violation of his constitutional rights.

Based on the allegations of the habeas petition, the petitioner has raised the following potentially cognizable habeas claims in federal court:[1]

    Claim One:    Nebraska's Sex Offender Commitment Act, on its face, violates the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

---

[1] As to claims One and Two, the petitioner also requests habeas relief because his due process rights secured under the Nebraska Constitution were violated. Pursuant to 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). This court lacks jurisdiction to adjudicate petitioner's claims for habeas relief arising under Nebraska's state constitution.

    Claim Two:      As applied to the petitioner, Nebraska's Sex Offender Commitment Act violates petitioner's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution.

    Claim Three:    The petitioner was adjudged to be a dangerous sex offender and was accordingly confined to the Norfolk Regional Center based on insufficient evidence in that: 1) such confinement cannot be based upon a clear and convincing evidence standard, and 2) even if such a standard were applicable, the evidence offered in support of petitioner's continued confinement failed to meet this standard.

Filing 36.[2]

    The respondents have filed answers to the petitioner's habeas petition. Filings 43 and 44. These answers deny the legal arguments raised in the pending habeas petition, and raise sovereign and qualified immunity as affirmative defenses to the petitioner's request for damages. The petitioner's second amended habeas petition does not seek damages. Therefore, in the

---

[2]The petitioner's prior habeas petition filed in Ivey v. Houston, 8:06-CV-00767 also alleged that his continued confinement violates the ex post facto clause, (Const. Art. 1, § 9, cl. 3), because he is currently confined pursuant to the Nebraska's Sex Offender Commitment Act, a statute enacted after the petitioner's conviction which imposes a punishment greater than that permitted at the time of his criminal acts. Ivey v. Houston, 8:06-CV-00767, filings 1 and 3. That petition was dismissed for want of prosecution. The current petition does not allege a claim under the ex post facto clause. Nonetheless, the respondents' answers address the ex post facto claim by alleging that "the Sex Offender Commitment Act, Neb. Rev. Stat. §§ 71-1201 to 71-1226, establishes a non-punitive civil regulatory scheme and is not criminal punishment." Filings 43 and 44. See Smith v. Doe, 538 U.S. 84, 92 (2003). If the petitioner intends to assert an ex post facto claim for habeas relief, he should seek to amend the habeas petition to add or clarify that this claim is being pursued.

absence of any amendment to the pleadings, the claims and defenses currently before the court are Claims One, Two, and Three as outlined above.

IT THEREFORE HEREBY IS ORDERED:

1. Any motions to file amended pleadings shall be filed on or before August 1, 1008.

2. On or before August 29, 2008, the respondents shall file with the court and serve on the petitioner a Designation of Relevant State Records, with those records listed in the designation attached thereto. In the event that the respondents' designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the petitioner's claims.

3. On or before September 26, 2008:

    A. The petitioner shall file a motion for summary judgment and supporting brief addressing Claims One, Two, and Three as outlined in this order, with specific references to the state court records supporting his claims for habeas relief. See NECivR 56.1(a).

    B. To the extent the petitioner seeks an evidentiary hearing on any portion of his habeas claims, (see 28 U.S.C.A. § 2254(e)(2)(A)(ii)), the petitioner shall also file a request for hearing and supporting brief which specifically identifies, with citations to the state records as appropriate, the basis of his request for an evidentiary hearing.

4. No later than 30 days after the petitioner files a motion for summary judgment and/or request for hearing, the respondents shall file any cross-motion for summary judgment and serve their response in opposition to the petitioner's motion(s) and in support of their motion, with specific references to the state court records supporting their claim that the petitioner is not

3

>     entitled to habeas relief and/or an evidentiary
>     hearing.  See NECivR 56.1(b).

5.   No later than 30 days after the filing of the
     respondents' brief, the petitioner shall file and serve
     a reply brief addressing the respondents' arguments.

6.   No discovery shall undertaken without leave of the
     court.  See Rule 6 of the Rules Governing Section 2254
     Cases in the United States District Courts.

Dated this 14th Day of July, 2008.

                              BY THE COURT:

                              s/ *David L. Piester*
                              David L. Piester
                              United States Magistrate Judge

4