**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| DAVID IVEY, ) | CASE NO. 4:07CV3242 |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| WILLIAM R. GIBSON, TyLYNNE ) | |
| BAUER, and JON BRUNING ) | |
| ) | |
| Respondents. ) | |

This matter is before the Court on Petitioner David Ivey's Motions for Summary Judgment (Filing No. 58) and for Evidentiary Hearing (Filing No. 61), and on the Motion for Summary Judgment (Filing No. 62) of Respondents William R. Gibson, TyLynne Bauer, and Jon Bruning. For the reasons set forth below, Ivey's Motions will be denied, the Respondents' motion will be granted, and Ivey's Petition for Writ of Habeas Corpus will be dismissed, without prejudice.

**FACTS**[1]

Ivey is currently confined at the Norfolk Regional Center in Norfolk, Nebraska, under Nebraska's Sex Offender Commitment Act (the "Act"), Neb. Rev. Stat. §§ 71-1201 to 71-

---

[1]This section contains facts not in dispute. Respondents filed no brief in response to Ivey's Motion for Summary Judgment, and the material facts set forth in Ivey's brief (Filing No. 59) are deemed admitted. NECivR 56.1(b)(2). Ivey filed a brief (Filing No. 66) in response to the Respondents' Motion for Summary Judgment, and admitted certain of Respondents' statements of material fact. (Filing No. 63). Respondents moved, at Filing No. 67, to strike as untimely Ivey's brief opposing Respondents' Motion for Summary Judgment and supporting his own Motion for Summary Judgment, as well as his reply brief in support of his Motion for Evidentiary Hearing. (Filing Nos. 65, 66). Ivey's briefs were not untimely, considering the three-day mailing rule in NECivR 6.1(b) and Fed. R. Civ. P. 6(d), and the Motion to Strike (Filing No. 67) will be denied.

1226 (Cum. Supp. 2006).[2]  Gibson is the Chief Executive Officer and Bauer is the Facility Operating Officer of the Regional Center.  Bruning is Nebraska's Attorney General.

On December 4, 2003, Ivey was convicted of the crime of sexual assault of a child, a Class IIIA felony, after a jury trial in the District Court of Douglas County, Nebraska.  On May 20, 2004, he was sentenced to five years in prison, with three days credit for time served.  On August 1, 2004, he appealed his conviction to the Nebraska Court of Appeals, alleging ineffective assistance of counsel, and the appeal was denied on February 11, 2005.  On March 20, 2005, he moved for post-conviction relief, again alleging ineffective assistance of counsel, which motion was denied on November 27, 2006.

On May 31, 2006, an employee of the Nebraska Department of Correctional Services sent a letter to the Douglas County Attorney notifying that office that Ivey was scheduled to be discharged on November 11, 2006.  The letter recommended that Ivey be referred to a Mental Health Board for possible commitment.  On October 12, 2006, a Deputy Douglas County Attorney filed a petition with the Douglas County Board of Mental Health, requesting that Ivey be adjudged a dangerous sex offender under the Act.  On October 23, 2006, Dr. Steven Skulsky evaluated Ivey; diagnosed him, within a reasonable degree of medical certainty, with paraphilia and a personality disorder; and recommended that he receive treatment in an in-patient locked environment.  On November 16, 2006, Ivey was scheduled to be released from his prison term.  On December 21, 2006, the Douglas County Board of Mental Health heard the petition regarding Ivey's potential confinement under the Sex Offender Commitment Act.  At the hearing, Dr. Skulsky testified that Ivey was dangerous to others and needed to be incarcerated for inpatient treatment because

---

[2]Effective date, July 14, 2006.

of his "dangerousness and the likelihood of acting out." The Board adjudged Ivey to be a dangerous sex offender, "by clear and convincing evidence," and committed him to the Regional Center for ongoing treatment with no set release date.

On January 16, 2007, Ivey filed a Petition in Error in the Douglas County District Court, challenging the action of the Douglas County Board of Mental Health on several grounds, including the constitutionality of the Act. Ivey alleged that the Act was an ex facto law, placed him in double jeopardy, and violated his right to equal protection. He also alleged that the decision of the Mental Health Board was not supported by clear and convincing evidence. On May 16, 2007, the District Court of Douglas County, Hon. Gary B. Randall presiding, heard Ivey's Petition in Error, received into evidence the bill of exceptions from the Mental Health Board hearing, and allowed the parties to file briefs in support of their positions. On August 30, 2007, Judge Randall denied the Petition in Error and affirmed the commitment order of the Mental Health Board. (See Filing No. 49, Ex. 4, pp. 1-16).

On October 11, 2007, Ivey appealed the Douglas County District Court's decision to the Nebraska Court of Appeals. On December 26, 2007, Ivey, through a Deputy Douglas County Public Defender, moved the Nebraska Court of Appeals to dismiss the appeal, and the appeal was dismissed.[3]

---

[3]Although Ivey's brief in opposition to the Respondents' Motion for Summary Judgment indicates that Ivey "denies that he directed his counsel to dismiss the appeal" (Filing No. 66, p.2, ¶ 5), he has not presented any affidavit or other evidentiary material to support of that statement, or to show why the appeal was dismissed. See NECivR 56.1(b)(1).

On October 1, 2007, Ivey filed his third[4] habeas corpus petition in this Court, which is the above-captioned case. On December 19, 2007, counsel was appointed to represent Ivey in this action.[5] On May 28, 2008, Ivey's court-appointed counsel filed a Second Amended Petition for Writ of Habeas Corpus (Filing No. 36) on his behalf, which is the operative petition in this case.

**STANDARD OF REVIEW**

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Cordry v. Vanderbilt Mortg. & Fin., Inc.*, 445 F.3d 1106, 1109 (8th Cir. 2006) (quoting *Bockelman v. MCI Worldcom, Inc.*, 403 F.3d 528, 531 (8th Cir. 2005)). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The proponent need not, however, negate the opponent's claims or defenses. *Id.* at 324–25.

---

[4] On November 9, 2006, Ivey filed his first habeas corpus petition with this Court. On December 20, 2006, he filed his second habeas corpus petition with this Court, alleging that he had been held past his release date and that the application of the Act to his sentence was an unconstitutional ex post facto law because it was enacted after his conviction. On July 16, 2007, Ivey's second petition for habeas corpus was dismissed without prejudice, and the claims in that petition were consolidated with the claims in his first petition. On October 23, 2007, following the filing of Ivey's third habeas corpus petition, the first petition was dismissed without prejudice.

[5] The Court appreciates the diligent work of court-appointed counsel and others in her firm.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id.* at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249–50 (citations omitted).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327.

## DISCUSSION

The Respondents contend that Ivey's petition for habeas corpus should be denied because he failed to exhaust his state court remedies.  Upon review of the record[6] and applicable law, the Court concludes that Ivey has failed to exhaust his state court remedies, and consequently, cannot seek relief in this Court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

---

[6]The record includes the Designation of Relevant State Court Records (Filing No. 49).

>   (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
>   (B)   (i)   there is an absence of available State corrective process; or
>
>         (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the scope of the habeas exhaustion requirement:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A state prisoner must "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court, if the Court of Appeals rules against the petitioner. *See Akins v. Kenney,* 410 F.3d 451, 454-55 (8th Cir. 2005).

Under Nebraska state law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). In such circumstances, when there exists no currently available state court remedy, the claim is procedurally defaulted, not unexhausted, and the petitioner is entitled to an opportunity to demonstrate cause and

prejudice to excuse the default. *Akins*, 410 F.3d at 456 n. 1. Such a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene,* 527 U.S. 263, 283 n. 24 (1999). The Eighth Circuit has held that ineffective assistance of counsel at the state post conviction stage is not sufficient to constitute "cause" to excuse the procedural default of a habeas claim. *Armstrong v. Iowa*, 418 F.3d 924, 927 (8th Cir. 2005).

In Ivey's case, the state-court procedure available to him under the Act was not a criminal appeal and post conviction proceeding, but it was nearly identical state-court procedural due process. The Act provides that "[t]he subject of a petition [for commitment] may appeal a treatment order of the mental health board . . . to the district court. Such appeals shall be de novo on the record. A final order of the district court may be appealed to the Court of Appeals in accordance with the procedure in criminal cases." Neb. Rev. Stat. § 71-1214 (Cum Supp. 2006). Accordingly, the prosecution of an appeal to the Nebraska Court of Appeals, and a petition to the Nebraska Supreme Court for further review, are required for exhaustion of state court remedies by one challenging a commitment under the Act, unless the exception in 28 U.S.C. § 2254(b)(1)(B)(ii) applies,

*i.e*, "circumstances exist that render such process ineffective to protect the rights of the applicant."[7]

While Ivey took the initial steps required to exhaust his state court remedies, he stopped short. On January 16, 2007, Ivey filed a Petition in Error in the Douglas County District Court, challenging the action of the Douglas County Board of Mental Health on several grounds, including the constitutionality of the Act. When the District Court did not rule in his favor, Ivey appealed to the Nebraska Court of Appeals. On December 26, 2007, Ivey moved to dismiss his appeal; the appeal was dismissed; and he did not allow Nebraska's courts a fair opportunity to adjudicate the constitutionality of the Act or his other claims for relief.

Ivey did not invoke "one complete round" of the Nebraska appellate review process; he did not exhaust his claims in state court; and he has not demonstrated that circumstances existed that rendered such process ineffective to protect his rights. His alleged basis for relief was clearly available at the time of his Petition in Error proceeding, and his claims may now be barred in state court. *See Ortiz,* 670 N.W.2d at 792. While the Act arguably gives Ivey opportunities to receive repeated hearings before a mental health

---

[7] While 28 U.S.C. § 2254(b)(1) requires exhaustion of state court remedies when a petitioner is being held "pursuant to the judgment of a State court," and Ivey is being held pursuant to an adjudication of a mental health board, upheld by the judgment of a state court, this Court concludes that the requirement of exhaustion of state court remedies applies. Ivey has not argued to the contrary. The goal of giving "state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts" is equally important here, where the state has an interest in first reviewing the constitutionality of its law. Nebraska law gave Ivey a fair opportunity to bring his claims before Nebraska courts. Until he has exhausted his state court remedies, Ivey may not bring his constitutional claims before this Court.

board[8] following the preparation of periodic reports of his progress,[9] a new right of appeal to the Nebraska district court and appellate courts appears to vest under the Act only when a new or modified treatment order is issued. See. Neb. Rev. Stat. §§ 71-1214 and 71-1209 (Cum. Supp. 2006). Ivey has expressed pessimism about the possibility of obtaining a new or modified treatment order. Thus, Ivey suggests that this Court should consider his claims barred from further consideration in state court.

Even if the Court adopts the conclusion that Ivey's claims are now barred from further consideration in state court, Ivey's habeas action still fails because he has not met his burden of demonstrating cause and prejudice which would excuse his procedural default. *Akins*, 410 F.3d at 456. He has not submitted any argument or evidence to show that he, or his counsel, was objectively impeded from pursuing his appeal in the Nebraska Court of Appeals. He has not demonstrated cause to excuse his procedural default, nor has he presented arguments or evidence from which this Court can infer that failure to consider his claim will amount to a fundamental miscarriage of justice. Accordingly, his habeas corpus action will be dismissed. The dismissal will be without prejudice, acknowledging that Ivey may bring his claims before this Court at a later time if he exhausts

---

[8] Neb. Rev. Stat. § 71-1219 (Cum. Supp. 2006) provides in part: "Upon the filing of a periodic report under section 71-1216, the subject, the subject's counsel, or the subject's legal guardian or conservator, if any, may request and shall be entitled to a review hearing by the mental health board and to seek from the board an order of discharge from commitment or a change in treatment ordered by the board. The mental health board shall schedule the review hearing no later than fourteen calendar days after receipt of such request."

[9] Neb. Rev. Stat. § 71-1216 (Cum. Supp. 2006) requires that periodic reports of a subject's progress be submitted to the mental health board no less frequently than every ninety days during the first year after the submission of a subject's individualized treatment plan, and every six months thereafter.

his state remedies following a mental health board's new or modified treatment order under the Act.

IT IS ORDERED:

1. Petitioner David Ivey's Motion for Summary Judgment (Filing No. 58) is denied;

2. Petitioner David Ivey's Motion for Hearing (Filing No. 60) is denied;

3. Respondents' Motion for Summary Judgment (Filing No. 62) is granted;

4. Respondents' Motion to Strike Brief (Filing No. 67) is denied;

5. Petitioner David Ivey's Petition for Habeas Corpus is dismissed without prejudice; and

6. A separate Judgment will be entered.

DATED this 19th day of December, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge