## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DAVID IVEY,** | ) | **CASE NO. 4:07CV3242** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **WILLIAM R. GIBSON, TyLYNNE** | ) | |
| **BAUER, and JON BRUNING,** | ) | |
| | ) | |
| **Respondents.** | ) | |

This matter is before the Court on the Notice of Appeal, construed as a request for a certificate of appealability (Filing No. 71) filed by the Petitioner, David Ivey.[1]

Federal Rule of Appellate Procedure 24 governs the Defendant's ability to proceed in forma pauperis in this appeal. However, before the Defendant may appeal the denial of his § 2254 motion, a "certificate of appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), the right to appeal the denial of a § 2254 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> . . .
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;

---

[1]A notice of appeal may be construed as a certificate of appealability. *Lewis v. Norris,* 454 F.3d 778, 780 (8th Cir. 2006).

. . .

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A "substantial showing of the denial of a constitutional right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further."'"  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

In this case, Ivey is entitled to proceed on appeal with respect to the following issues: (1) whether Ivey exhausted his remedies by being held under an adjudication of a mental health board that was upheld by a state court's judgment; and (2) if not, whether the district court should have stayed his motion filed under 28 U.S.C. § 2254 pending exhaustion of his remedies.  This matter appears to be one of first impression in the Eighth Circuit Court of Appeals.  In other contexts, certificates of appealability have been granted to allow the Eighth Circuit to determine whether cases should be stayed pending the exhaustion of state court remedies.  *See, e.g., Gherity v. Swanson,* 2006 WL 572163, at **1 (8th Cir. 2006) (*citing* Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1534-35 (2005)).  Therefore, Ivey has made a substantial showing of the denial of a constitutional right.

IT IS ORDERED:

1.      The request of the Petitioner, David Ivey, for a certificate of appealability (Filing No. 71) is granted with respect to the following issues: whether Ivey exhausted his remedies, in that he was held under an adjudication of a mental health board that was upheld by a state court's judgment; and, if not, whether the district court should have stayed his motion filed under 28 U.S.C. § 2254 pending exhaustion of his remedies;

2.      The Clerk is directed to send a copy of this memorandum and order to the Eighth Circuit Court of Appeals and to process this appeal; and

3.      The Petitioner, David Ivey, may proceed on appeal in forma pauperis.

DATED this 12th day of February, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

3